Filed 9/9/24  P. v. Hanif CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C098811 |
| Plaintiff and Respondent, | (Super. Ct. Nos. S21CRF0107, S20CRF0061) |
| v. | |
| RAHEEM AHMED HANIF, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Raheem Ahmed Hanif asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm the judgment and order the trial court to issue an amended abstract of judgment that reflects the judgment as imposed by the trial court.

1

FACTUAL AND PROCEDURAL BACKGROUND

In May 2020, a police officer found Hanif and a group of five or six people standing around a picnic table in a city park with open alcohol containers, a violation of a city ordinance. A second officer told everyone they needed to leave, but Hanif refused. When the second officer tried to walk Hanif to a police car so he could be taken into custody, Hanif ripped away his arm and tried to headbutt the officer. Hanif then continued to fight with the officers.

In June 2020, the local police department received a written complaint from Hanif alleging the officers involved in the May 2020 incident used excessive force and exhibited racism. Hanif also wrote letters to several officers in July, August, and October 2020. The complaint and letters contained 12 notarized statements. However, the notary's log entries for the people who made statements contained incomplete or inaccurate addresses and driver's license information, indicating some of the people were not real. When an officer contacted some of the individuals who supposedly made a signed statement, they denied witnessing the May incident or signing a related statement.

In case No. S20CRF0061 (case No. 0061), Hanif was charged with four counts of resisting an executive officer (Pen. Code, § 69;[1] counts 1, 3, 4 & 5) and one count of attempted battery on a peace officer (§ 664/243, subd. (c)(2); count 2). It was further alleged Hanif had a prior strike. (§§ 667, subds. (b)-(j), 1170.12, subd. (b).)

In case No. S21CRF0107 (case No. 0107), Hanif was charged with felony conspiracy to commit an act injurious to public health (namely preparing and submitting false witness statements) (§ 182, subd. (a)(5); count 1), eight counts of identity theft (§ 530.5, subd. (a); counts 2-9), 12 counts of forgery (§ 470, subd. (d); counts 10-21), 12 counts of perjury (§ 118, subd. (a); counts 22-33), five counts of preparing false

---

[1] Undesignated statutory references are to the Penal Code.

documentary evidence (§ 134; counts 34-38), and five counts of offering false evidence (§ 132; counts 39-43). It was further alleged Hanif had a prior strike. (§§ 667, subds. (b)-(j), 1170.12, subd. (b).)

In December 2021, in case No. 0061, Hanif pled guilty to three counts of resisting an executive officer (counts 1, 3 & 4) and admitted a prior strike. In case No. 0107, Hanif pled guilty to count 1 (conspiracy), count 8 (identify theft), and count 27 (perjury), and admitted a prior strike.

In exchange for the guilty pleas, the parties agreed to the following sentence: (1) in case No. 0107, six years on count 1 (the upper term of three years doubled to six due to the strike), six years concurrent on count 27 (three years doubled to six due to the strike), and 16 months consecutive on count 8 (one-third the middle term of 24 months doubled due to the strike), and (2) in case No. 0061, six years each on counts 1, 3, and 4 (the upper term of three years doubled to six due to the prior strike), to run concurrent to count 1 in case No. 0107.

The remainder of the charges in case No. 0107 were dismissed with a *Harvey* waiver.[2] In case No. 0061, count 5 had already been dismissed, and count 2 was dismissed with a *Harvey* waiver.

During the January 2022 sentencing hearing, the trial court denied Hanif's motion to dismiss the prior strike pursuant to *Romero*.[3] The court reasoned dismissal would endanger public safety and not be in the furtherance of justice given Hanif's extensive criminal history.

The trial court then sentenced Hanif according to the stipulated plea. In case No. 0107, the court sentenced Hanif to state prison for an aggregate term of seven years

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754, 758.

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

four months, as follows: six years on count 1, six years concurrent on count 27, and 16 months consecutive on count 8. The court awarded 340 days of custody credit (170 actual days and 170 days of conduct credit).

In case No. 0061, the trial court sentenced Hanif to state prison for six years each on counts 1, 3, and 4, to run concurrently to count 1 in case No. 0107. The court awarded 1,232 days of custody credit (616 actual days plus 616 days of conduct credit). The court did not impose any fines or fees.

Despite the trial court's oral pronouncement of judgment, the abstract of judgment lists an aggregate state prison term of seven years four months, as follows: (1) in case No. 0107, three years on count 1, 16 months on count 8, and three years on count 27 (without specifying whether this three-year term is concurrent or consecutive); (2) in case No. 0061, one year each concurrent on counts 1, 3, and 4. Hanif's request for a certificate of probable cause was denied.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Hanif was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from Hanif.

Our review of the record reveals that the abstract of judgment lists a sentence different from the judgment orally pronounced by the trial court. Instead of the six-year term on count 1 in case No. 0107, the abstract lists a three-year term. Rather than the six-year concurrent term orally imposed on count 27 in case No. 0107, the abstract lists a three-year consecutive term. And, instead of the six-year concurrent terms orally imposed on each of the three counts in case No. 0061, the abstract lists a one-year concurrent term for each count. It has long been held that the trial court's oral

4

pronouncement of judgment controls, and an abstract of judgment must not modify the judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) As such, we will order the trial court to issue an amended abstract of judgment.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to Hanif.

DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.


                                           /s/
                                 BOULWARE EURIE, J.


We concur:


   /s/
KRAUSE, Acting P. J.


   /s/
FEINBERG, J.

5